IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KENNETH T. DEPUTY,                )
                                  )
            Petitioner,           )
                                  )
      v.                          )  Civ. No. 10-711-SLR
                                  )
PERRY PHELPS, Warden,             )
et al.,                           )
                                  )
            Respondents.          )

## MEMORANDUM ORDER

At Wilmington this   28th   day of October, 2010, having reviewed the above

captioned case pursuant to Rule 4, 28 U.S.C. foll. § 2254;

IT IS ORDERED that petitioner Kenneth T. Deputy's ("petitioner") application for

habeas relief (D.I.1) is dismissed as second or successive, for the reasons that follow:

**1. Background**. Petitioner filed the instant application pursuant to 28 U.S.C. §

2254. (D.I. 1)  The application challenges his December 1997 convictions for

attempted first degree robbery, first degree assault, and possession of a deadly

weapon during commission of a felony, and asserts four grounds for relief:  (1) the

indictment was defective because the State failed to include the term "intentionally"; (2)

the trial court improperly instructed the jury on the missing element "intentionally"; (3)

the Superior Court misapplied procedural bars in denying petitioner's post-conviction

motions; and (4) defense counsel provided ineffective assistance during the trial and on

appeal. *Id.*

**2. Standard of Review.**  Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas

petitioner erroneously files a second or successive habeas petition "in a district court

without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of § 2244 if the prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that could have been raised in a prior habeas application. *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

   **3. Discussion.** Petitioner has already requested, and has been denied, habeas relief with respect to the same December 1997 convictions on two prior occasions. *See Deputy v. Garraghty,* Civ. Act. No. 00-539-SLR, Mem. Op. & Order (D. Del. June 5, 2001); *Deputy v. Carroll*, Civ. Act. No. 03-559-KAJ, Order (D. Del. Aug. 12, 2003). The court's denial of petitioner's first application as procedurally barred constitutes an adjudication on the merits for second or successive purposes. *See Hernandez v. Diguglielmo*, 2005 WL 331734, at *2 (E.D. Pa. Feb. 10, 2005)(collecting cases)*; Rauso v. Pennsylvania Board of Probation & Parole*, 2004 WL 1126283, at *1 (E.D. Pa. May 20, 2004)(in denying petitioner's § 2244 motion for leave to file a second or successive habeas petition, the "Third Circuit noted that the prior habeas petition had been dismissed for procedural default and that procedural default is a dismissal on the merits for purposes of requiring leave to file an application to file a second or successive habeas petition."). Additionally, the instant application asserts claims that were raised in his first habeas application, as well as new claims that could have been raised in his

first application. Therefore, the court concludes that the instant application constitutes a second or successive habeas application for the purposes of 28 U.S.C. § 2244.[1] *See Benchoff v. Colleran*, 404 F.3d 812, 817-18 (3d Cir. 2005).

4. The record reveals that petitioner has not obtained authorization from the Third Circuit Court of Appeals to file this successive habeas request. *See* 28 U.S.C. § 2244(b)(1). Accordingly, the court dismisses the instant application for lack of jurisdiction. *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

5. The court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2008).

IT IS FURTHER ORDERED that the clerk of the court shall close the case.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Third Circuit Court of Appeals has also denied petitioner's two prior requests for permission to file a second or successive habeas application. *See In re Kenneth T. Deputy*, Misc. Case 04-86-UNA (May 12, 2004); *In re Kenneth T. Deputy*, Misc. Case 06-81-UNA (Apr. 18, 2006).

3